Kevin J. Harrington (KH-5027)
John T. A. Rosenthal (JR-4819)
HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, New York 10601
Telephone: (914) 686-4800
Facsimile: (914) 686-4824

*Attorneys for Plaintiffs*
*SAS GROUP, INC. and MICHAEL SOBO*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
SAS GROUP, INC. and MICHAEL SOBO,           x   Civil Action No. 08 CIV. 1020
                                            x
                        Plaintiffs,         x   ECF Case
                                            x
        -against-                           x   COMPLAINT   JUDGE ROBINSON
                                            x
GREAT AMERICAN E&S INSURANCE                x   JURY TRIAL DEMAND
COMPANY,                                    x
                                            x
                        Defendant.          x
-------------------------------------------------------------x

    SAS GROUP, INC. ("SAS") and MICHAEL SOBO ("Sobo", together with SAS "Plaintiffs") by and through their attorneys, Harrington, Ocko & Monk, LLP, as and for their Complaint against GREAT AMERICAN E&S INSURANCE COMPANY ("Great American" or "Defendant"), allege as follows:

### PRELIMINARY STATEMENT

    1.   This is a civil action seeking declaratory relief and damages against Great American for Great American's failure to provide a defense for SAS and Sobo, or to reimburse Plaintiffs for the cost of defending themselves against claims of copyright and slogan

infringement, and misappropriation of advertising ideas or style of advertising pursuant to Great American's contractual obligations under an insurance policy issued by Great American to SAS.

2. Specifically, SAS and Sobo allege that Great American has willfully, knowingly and purposely declined to defend Plaintiffs and/or reimburse Plaintiffs for defense costs Plaintiffs have already incurred in defending an action brought against them and others by Perrin & Nissen, Ltd. ("PNL") for alleged copyright infringement, infringement and misappropriation of slogans, and deceptive trade practices under New York law amounting to misappropriation of style of advertising or advertising ideas, among other claims. Defendant Great American has denied a defense, and refused reimbursement of defense costs to SAS and Sobo despite express language contained in the insurance policy in question that Defendant has a duty to defend SAS and Sobo regarding claims of infringement of copyright and/or slogans by SAS.

## JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the parties, as SAS is a New York corporation and, upon information and belief, Great American is a Delaware corporation, and the amount in controversy exceeds $75,000.

4. Jurisdiction is appropriate in this Court under 28 U.S.C. §§2201 and 2202, as there exists a real, actual and justiciable controversy between the parties.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

6. Plaintiff SAS is a New York corporation with its principal place of business at 220 White Plains Road, Tarrytown, New York in Westchester County. Plaintiff SAS is in the

business of selling, marketing and distributing consumer products, including children's toy products like "Amazing Elastic Plastic" ("AEP").

7. At all relevant times mentioned herein, Plaintiff Sobo was, and currently is the President of Plaintiff SAS Group, Inc.

8. Upon information and belief, and at all relevant times hereinafter mentioned, Defendant Great American is a Delaware corporation, with its principal headquarters located at 49 East 4th Street, Suite 3000, Cincinnati, Ohio 45202. Upon information and belief, Great American is in the business of supplying primary products liability and excess casualty insurance to various companies throughout the United States.

## FACTUAL ALLEGATIONS

9. On or about March 2005, SAS entered into an insurance agreement with Great American. SAS did so at its offices in Tarrytown, New York.

10. The insurance policy issued by Great American to SAS was number PL5599395 (the "Policy"), and the Policy dates for this insurance Policy ran from March 10, 2005 through March 10, 2006. As an officer of SAS, the Policy covered suits and claims against Sobo.

11. The Great American Policy issued to SAS for the period included a general aggregate policy limit of $2 million, and a per occurrence limit of $1 million, subject to a $10,000 per occurrence liability deductible.

12. Under the terms of the Great American Policy, Great American agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. [Great American] will have the right and duty to defend the insured [SAS] against any 'suit' seeking those damages".

13. Pursuant to the terms of the Policy, the "insurance applies to 'personal and advertising injury' caused by an offense arising out of [SAS'] business ...".

14. Under the terms of the Great American Policy, personal and advertising injury means "injury including consequential 'bodily injury' arising out of one or more of the following offenses: ... (f) the use of another's advertising ideas in your "advertisement"; (g) infringing upon another's copyright, trade dress or slogan in your "advertisement".

15. The Policy does contain certain exclusions. In particular, the Policy does not apply to "infringement of copyright, patent, trademark or trade secrets, personal and advertising injury arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. However, this exclusion does not apply to "infringement, in your 'advertisement', of <u>copyright</u>, trade dress or <u>slogan</u>". (Emphasis added).

16. The Great American Policy also contained a further endorsement entitled, "Advertising Injury Amendment". That endorsement states that, "this insurance does not apply to 'advertising injury' arising out of an actual or alleged infringement of intellectual property rights or violation of laws relating to patents, trademarks, trade dress, trade names, trade secrets and know how". This endorsement specifically contains no exclusion relating to advertising injury arising out of allegations of copyright infringement, infringement of slogan or misappropriation of advertising ideas.

### The PNL Action

17. On or about November 9, 2006, PNL filed an action against SAS and Sobo, among others, alleging, *inter alia*, causes of action for trademark infringement, dilution and injury to business reputation, false designation of origin, unfair competition/false advertising, deceptive trade practices, copyright infringement, as well as breach of contract, tortious

4

interference of a contract and fraud regarding SAS' marketing, sale and distribution of a children's toy balloon product under the trademark, "Amazing Elastic Plastic" (the "PNL Federal Action").

18. In its original complaint, PNL alleges that SAS and Sobo infringed and misappropriated PNL's intellectual property rights in AEP through the marketing and sale of "Amazing Elastic Plastic" utilizing the alleged trademark, trade dress, photographs, artwork, and slogans belonging to PNL. The original complaint alleges that SAS and Sobo began selling "Amazing Elastic Plastic" to the public through the QVC television network, but does not limit or in any way circumscribe the time period during which such television advertising of the AEP product by SAS took place.

19. PNL served SAS and Sobo with a copy of the original Complaint on or about November 14, 2006.

20. On or about November 28, 2006, SAS provided a copy of the Summons and Complaint in the PNL Federal Action to its broker, Reilly & Verdirame, Inc., requesting a defense and indemnification by Great American of SAS and Sobo pursuant to the terms of the Great American Policy.

21. On or about December 12, 2006, SAS and Sobo through counsel Harrington, Ocko & Monk, LLP, provided Great American with a copy of the Summons and Complaint in the PNL Federal Action by certified mail, return receipt requested. Through service of the Summons and Complaint in the Federal Action upon Great American, SAS and Sobo through counsel, tendered to, and requested a defense and indemnification by Great American of SAS and Sobo pursuant to the terms and obligations provided for in the Great American Policy.

22.  On or about December 27, 2006, Great American sent a letter to counsel for SAS and Sobo indicating receipt of the Summons and Complaint in the PNL Federal Action, and indicating that Great American had begun an investigation of the coverage for SAS and Sobo pursuant to the terms of the Great American Policy. At the time of the December 27, 2006 letter, Great American indicated a reservation of rights until completion of the investigation.

23.  On or about February 15, 2007, Great American issued a coverage declination letter to SAS and Sobo. In this coverage declination letter, Great American indicated its belief that it had no duty to defend or indemnify SAS or Sobo for the claims contained in the PNL Federal Action. Great American declined to defend SAS and Sobo in the PNL Federal Action asserting that the claims in the PNL original Complaint did not fall within the definition of personal and advertising injury as defined in the Great American Policy, because the Policy supposedly specifically excluded coverage for infringement of copyright, patent, trademark or trade secrets. Great American's position was contrary to the express language of the Policy which includes no language excluding coverage for claims of infringement of copyright and slogans via advertising on television.

24.  On or about February 15, 2007, the Court in the PNL Federal Action dismissed PNL's original Complaint as to SAS and Sobo with leave for Plaintiff PNL to re-plead its Complaint by March 20, 2007.

25.  Subsequently, on or about March 20, 2007, PNL filed an Amended Complaint in the PNL Federal Action against SAS and Sobo, among others. In PNL's First Amended Complaint in the Federal Action, PNL asserts, *inter alia*, that SAS and Sobo improperly utilized, misappropriated and infringed PNL's alleged trademark "Amazing Elastic Plastic", as well as trade dress, slogans and copyrighted photographs associated with AEP. The PNL First Amended

6

Complaint also alleges that SAS and Sobo advertised the AEP product on the QVC television network, as well as possibly on the Nickelodeon television channel. Again, like the original Complaint, the PNL Amended Complaint does not contain allegations which limit or circumscribe the time period during which SAS allegedly advertised AEP on TV. PNL's First Amended Complaint essentially alleges that SAS and Sobo infringed upon PNL's copyright with regard to certain photographs used in conjunction with the AEP product and trademark, as well as misappropriated or infringed certain copyrighted photographs and slogans belonging to PNL, but utilized by SAS in advertising in conjunction with the marketing and sale of the AEP product.

26.   On or about July 23, 2007, counsel for SAS and Sobo provided a copy of the PNL Amended Complaint to Great American, and requested again that Great American provide coverage and a defense for SAS and Sobo pursuant to the terms of the Great American Policy.

27.   Subsequently, on or about September 11, 2007, L'Abbate, Balkan, Colavita & Contini ("L'Abbate"), outside counsel for Great American, sent a letter to counsel for SAS and Sobo indicating that Great American was again declining coverage, a defense or indemnification for defense costs for SAS and Sobo pursuant to the terms of the Great American Policy. In this letter, L'Abbate reiterated Great American's previous position that the Great American Policy contains an exclusion regarding advertising injury arising out of actual or alleged infringement of intellectual property rights or violations of laws relating to patents, trademarks, trade dress, trade names, trade secrets and know how, and that the allegations in the PNL Amended Complaint fell entirely within the Great American Policy exclusions.

28.   Subsequently, on or about October 15, 2007, L'Abbate, counsel for Great American, again reiterated Great American's position that Great American was declining

coverage, a defense or indemnification of defense costs to SAS and Sobo under the terms of the Great American Policy, and Great American would not defend SAS or Sobo or reimburse either for the costs associated with defending against PNL's original Complaint or Amended Complaint.

29. On December 3, 2007, PNL filed a Second Amended Complaint pursuant to Judge Cedarbaum's October 9, 2007 Order. In PNL's Second Amended Complaint, it again alleges causes of action for trademark infringement against SAS under Federal and New York law, false designation of origin by misleading trade dress against SAS under Federal and New York law, unfair competition/false advertising against SAS under Federal and New York law, copyright infringement under Federal law, among other things.

30. In particular, PNL alleges in its Second Amended Complaint that SAS infringed PNL's copyright by marketing and advertising of the "Amazing Elastic Plastic" product using the slogans "toy balloon glowing magic", "use Amazing Elastic Plastic to make toys like these, also make your own favorite toys, animals, faces or anything you can imagine" and the phrase, "bonus glow in the dark".

31. PNL also alleges in its Second Amended Complaint that SAS sold and advertised AEP through the QVC television network, and that SAS is advertising AEP on the internet.

32. On December 11, 2007, Plaintiffs provided a copy of the Second Amended Complaint to Great American through Great American's counsel L'Abbate, Balkan, Colavita and Contini. At that time, Plaintiffs again requested that Great American undertake defense of this matter on behalf of Plaintiffs and reimburse Plaintiffs for previously expended costs incurred in defending this matter.

33. Great American has, through its silence, declined to reimburse Plaintiffs or take over the defense on behalf of Plaintiffs in the PNL Federal Action.

34. As a result of Great American's decision to decline coverage or reimburse SAS and Sobo for costs of the defense pursuant to the Great American Policy, SAS and Sobo have incurred costs defending against the PNL original Complaint and Amended Complaint in excess of $80,000, and will continue to incur legal costs in defending PNL's Federal Action.

## AS AND FOR A FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§2001, 2002

35. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "34", inclusive of this Complaint, as if fully set forth herein.

36. In or about March 2005, Great American entered into an insurance agreement with SAS to provide insurance coverage and to defend SAS and Sobo (as an officer of SAS) with regard to claims and suits against SAS or Sobo seeking damages arising out of personal or advertising injury. The Policy covered the period March 10, 2005 to March 10, 2006.

37. The Great American Policy did not exclude from coverage suits or damages for advertising injury regarding claims of infringement or misappropriation against SAS for its alleged use of copyrighted material or slogans used in advertisements.

38. On or about November 9, 2006, PNL filed a Complaint against SAS and Sobo alleging, *inter alia*, infringement and misappropriation by SAS of copyrighted materials and slogans belonging to PNL, through advertisement by SAS of the AEP product, copyrighted materials and slogans on TV.

39. SAS and Sobo tendered the PNL Summons and original Complaint to Great American in a timely manner, and requested Great American defend and/or indemnify SAS and

Sobo in the PNL Federal Action under the terms of the Great American Policy. Great American declined to either defend or indemnify SAS or Sobo in the PNL Federal Action, or reimburse Plaintiffs for costs incurred in defending the action.

40. On or about March 20, 2007, PNL filed a First Amended Complaint alleging claims against SAS and Sobo for copyright infringement, misappropriation of slogans, as well as misappropriation of style of advertising, including advertising by SAS of the AEP product on TV.

41. On or about July 23, 2007, SAS and Sobo again requested that Great American defend and/or indemnify SAS and Sobo against the allegations in the PNL Amended Complaint. Great American again declined to do so.

42. On December 3, 2007, PNL filed a Second Amended Complaint alleging copyright infringement against SAS.

43. On December 11, 2007, Plaintiffs again requested that Great American defend and/or indemnify SAS and Sobo against the allegations in PNL's Second Amended Complaint served and filed on December 3, 2007. Great American again declined to do so.

44. As a result of Great American's failure to abide by its contractual obligations pursuant to the express terms of the Great American Policy issued to SAS, SAS and Sobo have suffered damages in an amount equal to or greater than $80,000.

45. There is presently a real, actual and justiciable controversy that exists between Plaintiffs and Defendant concerning the question of whether Great American is required to defend and/or reimburse SAS and Sobo for the costs of defending SAS and Sobo against the allegations and claims made by PNL in both the original PNL Complaint, the Amended Complaint and the Second Amended Complaint in the PNL Federal Action and/or indemnify

SAS. The interests of Plaintiffs and Defendant are real and adverse, and this issue is ripe for determination.

46.   Plaintiffs SAS and Sobo are entitled to a declaration that Great American is required to defend SAS and Sobo with regard to the allegations and claims made by PNL against SAS and Sobo in the PNL original Complaint, Amended Complaint and Second Amended Complaint in the PNL Federal Action.

47.   Plaintiffs are entitled to a declaration that pursuant to the terms of the Great American policy, Great American must reimburse Plaintiffs for attorney's fees, costs and disbursements incurred by Plaintiffs to date (and going forward) in defending themselves in the PNL Federal Action, and to indemnify Plaintiffs in the PNL Federal Action.

### AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

48.   Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "47", inclusive of this Complaint, as if fully set forth herein.

49.   On or about March 10, 2005, Great American issued an insurance policy to SAS numbered PL5599395 in which Great American agreed to insure, defend and indemnify SAS (and Sobo as an officer of SAS) in suits or claims regarding copyright infringement or misuse of slogan by SAS that may have occurred between March 10, 2005 and March 10, 2006.

50.   Under the express terms of the Great American Policy, Great American had a duty to defend SAS against any suits seeking damages for personal or advertising injury.

51.   Under the express terms of the Great American Policy, advertising injury included alleged use by SAS of another's advertising ideas in SAS' advertisements or alleged infringement by SAS of another's copyright, trade dress or slogan in such advertisement.

52. On or about November 14, 2006, PNL served a Summons and Complaint upon SAS and Sobo alleging, *inter alia*, that SAS and Sobo had infringed upon PNL's copyright and slogan and/or misappropriated such materials in advertising done by SAS, including advertising on TV. Neither the PNL Complaint nor the PNL Amended Complaint circumscribed the period for this advertising on TV to exclude dates covered by the Great American Policy.

53. On or about December 12, 2006, SAS and Sobo tendered and requested Great American defend SAS and Sobo against claims alleged in the PNL Federal Action.

54. Subsequently, SAS provided Great American with copies of PNL's Amended Complaint and Second Amended Complaint in the Federal Action, and again tendered and requested that Great American defend SAS and Sobo against claims alleged in the PNL Federal Action and indemnify/reimburse Plaintiffs for costs already incurred in defending that action.

55. To date, Great American has declined to defend SAS in the PNL Federal Action, and refused to reimburse SAS or Sobo for costs (including attorney's fees and disbursements) incurred by Plaintiffs in defending themselves in the PNL Federal Action.

56. Plaintiffs have fulfilled all of their contractual obligations with Great American pursuant to the terms of the Great American Policy.

57. Plaintiffs have incurred significant legal fees and costs in excess of $80,000 in defending themselves against the claims in the PNL Federal Action.

58. As a result of Defendant's breach of the Great American Policy, Plaintiffs have suffered damages in an amount to be determined at trial, but in excess of $80,000.

**WHEREFORE,** Plaintiffs demand judgment on the Complaint herein with costs and disbursements, including expenses and attorney's fees, in addition to the following:

  A. On the First Cause of Action, injunctive relief in the form of a declaration that Great American is required to defend SAS and Sobo against the causes of action and claims made by PNL in the PNL Federal Action, and that SAS and Sobo are entitled to reimbursement for costs incurred by Plaintiffs, including attorney's fees and disbursements, in defending themselves in the PNL Federal Action;

  B. On the Second Cause of Action, damages in an amount to be determined at trial, but in excess of $80,000; and

  C. An Order granting such other legal and equitable relief as the Court deems just and proper in this matter.

Dated: White Plains, New York
   January 31, 2008

              Yours, etc.

              _____
              Kevin J. Harrington (KH-5027)
              John T. A. Rosenthal (JR-4819)
              HARRINGTON, OCKO & MONK, LLP
              *Attorneys for Plaintiffs*
              SAS GROUP, INC. and MICHAEL SOBO
              81 Main Street, Suite 215
              White Plains, New York 10601
              Telephone: (914) 686-4800
              Facsimile: (914) 686-4824

TO: GREAT AMERICAN E&S INSURANCE COMPANY
   49 East 4th Street
   Cincinnati, Ohio 45202

   L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP
   Attorneys for Defendant
   1001 Franklin Avenue, Suite 300
   Garden City, NY 11530
   (516) 294-8844