UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SAS GROUP, INC. and MICHAEL SOBO,

                        Plaintiffs

          -against-

GREAT AMERICAN E&S INSURANCE COMPANY,

                  Defendant.

---------------------------------------------------------------------X

Civil Action No.: 08 CIV 1020

Hon. Stephen C. Robinson
ECF Case

**ANSWER AND
COUNTERCLAIMS**

    Defendant, Great American E & S Insurance Company ("hereinafter "Great American"), by

its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Answer to the Complaint,

and Counterclaims, states upon information belief, as follows:

## PRELIMINARY STATEMENT

    1.    Denies each and every allegation contained in paragraphs "1" and "2"of the

Complaint and respectfully refers to a complete copy of the Great American E&S Insurance

Company Commercial General Liability insurance policy bearing Policy No. PL 5599395, effective

March 10, 2005 to March 10, 2006 (the "Great American Policy") for its complete terms, conditions

and limitations and respectfully refers all questions of law to the Court for resolution.

## JURISDICTION AND VENUE

    2.    Paragraphs "3", "4" and "5" of the Complaint assert conclusions of law as to which

no answer is required. To the extent that an answer is required, defendant denies having knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraphs

"3", "4" and "5" of the Complaint.

## THE PARTIES

3.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6" and "7" of the Complaint.

4.      Denies each and every allegation contained in paragraph "8" of the Complaint, except admits to the extent that Great American is a Delaware corporation, and is in the business of supplying primary products liability and excess casualty insurance to various companies throughout the United States.

## FACTUAL ALLEGATIONS

5.      Denies each and every allegation contained in paragraphs "9", "10", "11", "12", "13", "14", "15" and "16" of the Complaint and refers to a complete copy of the Great American Policy for its complete terms, conditions and limitations.

## THE PNL ACTION

6.      Denies each and every allegation contained in paragraphs "17" and "18" of the Complaint and refers to the pleadings in the underlying matter for the allegations contained therein.

7.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

8.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint and refers to a complete copy of the Great American Policy for its complete terms, conditions and limitations.

9.    Denies each and every allegation contained in paragraph "22" of the Complaint and refers to a copy of the referenced December 27, 2006 letter for its complete contents.

10.    Denies each and every allegation contained in paragraph "23" of the Complaint except admits that on or about February 15, 2007, Great American issued a coverage declination letter to SAS Group, Inc. ("SAS"), and respectfully refers to a copy of the referenced February 15, 2007 letter for its complete contents, and further respectfully refers to a complete copy of the Great American Policy for its complete terms, conditions and limitations.

11.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint and respectfully refers to the Court's Order in the underlying matter.

12.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint and respectfully refers to the pleadings in the underlying matter for the allegations contained therein.

13.    Denies each and every allegation contained in paragraph "26" of the Complaint and respectfully refers to the July 23, 2007 correspondence for its complete contents.

14.    Denies each and every allegation contained in paragraph "27" of the Complaint except admits that on or about September 11, 2007, this firm wrote to counsel for SAS and Michael Sobo ("Sobo"), and respectfully refers to the referenced September 11, 2007 letter for its complete contents.

15.    Denies each and every allegation contained in paragraph "28" of the Complaint except admits that this firm wrote to counsel for SAS and Sobo on or about October 15, 2007, and respectfully refers to the referenced October 15, 2007 letter for its complete contents.

16.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "29", "30" and "31" of the Complaint and respectfully refers to the pleadings in the underlying matter for the allegations contained therein.

17.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint except admits that plaintiffs' counsel provided a copy of the Second Amended Complaint to this firm.

18.    Denies each and every allegation contained in paragraphs "33" and "34" of the Complaint, and respectfully refers all questions of law to the Court for resolution.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANT GREAT AMERICAN

19.    Repeats, reiterates and realleges each and every response applicable to the allegations

4

set forth in paragraphs "1" through "34" of the Verified Complaint as though fully set forth at length herein.

20.    Denies each and every allegation contained in paragraphs "36" and "37" of the Complaint and respectfully refers to a complete copy of the Great American Policy for its complete terms, conditions and limitations.

21.    Denies each and every allegation contained in paragraph "38" of the Complaint and respectfully refers to the pleadings in the underlying matter for the allegations contained therein.

22.    Denies each and every allegation contained in paragraph "39", "40", "41", "42", and "43" of the Complaint and respectfully refers to copies of the letters referenced therein for their complete contents.

23.    Denies each and every allegation contained in paragraph "44", "45", "46" and "47" of the Complaint, and respectfully refers all questions of law to the Court for resolution.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
## AGAINST DEFENDANT GREAT AMERICAN

24.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraphs "1" through "47" of the Verified Complaint as though fully set forth at length herein.

25.    Denies each and every allegation contained in paragraphs "49", "50" and "51" of the

Complaint and respectfully refers to a complete copy of the Great American Policy for its complete terms, conditions and limitations, and further respectfully refers all questions of law to the Court for resolution.

26.     Denies each and every allegation contained in paragraph "52" of the Complaint, and respectfully refers to the Complaint for the allegations contained therein.

27.     Denies each and every allegation contained in paragraphs "53" and "54" of the Complaint, and respectfully refers to the letter dated December 12, 2006 for its complete contents.

28.     Denies each and every allegation contained in paragraphs "56", "57" and "58" of the Complaint, and respectfully refers all questions of law to the Court for resolution.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.     The Complaint herein fails to state a viable cause of action against the answering defendant which would permit the Honorable Court to grant relief.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims are premature as they failed to meet certain conditions of the Great American Policy concerning the institution of legal action against Great American.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.     The allegations of the underlying matter do not trigger coverage under the Great

American Policy, and the claims arising out of the underlying matter are barred by the applicable exclusions and limitations to the Great American Policy.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32.    The Complaint should be dismissed to the extent that it concerns or relates to any alleged circumstances, losses, occurrences or damages that took place outside of the policy period of the Great American Policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.    There is no coverage under the Great American policy for the underlying claims and lawsuit, to the extent that the claims and alleged damages sought do not amount to "personal and advertising injury" as defined by the Great American policy.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.    There is no coverage under the Great American policy for the underlying claims and lawsuit, to the extent that the claims and alleged damages sought do not amount to "bodily injury" and/or "property damage" as defined by the Great American policy.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.    Assuming the claims in the underlying action are somehow found to constitute "personal and advertising injury" (which is not conceded), the underlying claims and lawsuit are barred and/or explicitly excluded from coverage by the Advertising Injury Amendment Endorsement to the Great American policy, which specifically excludes coverage for "advertising injury" arising

out of any actual or alleged infringement of intellectual property rights or violation of laws relating to patents, trademarks, trade dress, trade names, trade secrets and know-how.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36.     Assuming the claims in the underlying action are somehow found to constitute "personal and advertising injury" (which is not conceded), the underlying claims and lawsuit are barred and/or specifically excluded from coverage as the Great American policy specifically excludes coverage for infringement of copyrights, patent, trademark or trade secrets.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37.     Assuming the claims in the underlying action are somehow found to constitute "personal and advertising injury" (which is not conceded), the underlying claims and lawsuit are barred and/or explicitly excluded from coverage by the Great American policy, to the extent that the claims made and damages sought are for knowing violation of another's rights, for material published with knowledge of its falsity, material published prior to the policy period, contractual liability, breach of contract, and the unauthorized use of another's name or product.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38.     The underlying claims for punitive damages and injunctive relief are not insurable under the Great American policy.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

39.     Some or all of the claims against any policy of insurance issued by Great American

8

may be barred in whole or in part by reason of the existence of other insurance.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40.     There is no coverage under any policy of insurance issued by Great American to the extent that there was a failure to take reasonable measures to mitigate damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41.     Plaintiffs have failed to join necessary and indispensable parties to this action.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

42.     Great American reserves the right to assert any additional applicable affirmative defenses including, but not limited to, the terms, conditions, provisions, limitations and exclusions of the Great American policy.

### COUNTERCLAIMS

43.     Defendant/Counterclaim Plaintiff, Great American E&S Insurance Company ("Great American") hereby brings the following Counterclaims against Plaintiff/Counterclaim Defendant, SAS Group, Inc. ("SAS"):

### PARTIES

44.     Great American is an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

9

45.     Upon information and belief, SAS is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

46.     Upon information and belief, SAS is a defendant in the underlying action entitled: "<u>Perrin & Nissen Limited v. SAS Group, Inc., a New York Corporation; Michael Sobo, individually; RJM Ventures, Ltd., a New Zealand Trust; Better Blocks Trust, a New Zealand Trust; International Commercial Television, Inc., a Nevada Corporation; and Kelvin Claney, individually</u>" (Civil Action No. 06 CV 13089), which is pending in this Court (the "Underlying Action").

## JURISDICTION

47.     This action is brought pursuant to 28 U.S.C. §§1332, 2201 and 2202, on common law, and seeks declaratory relief.

48.     The amount in controversy in this action exceeds the sum or value of $75,000.

## UNDERLYING ACTION

49.     In November 2006, the Underlying Action was commenced, which concerns the alleged infringement of intellectual property rights stemming from the manufacture and distribution of toy balloon products ("the Toy").

50.     On March 20, 2007, a First Amended Complaint was filed as against SAS, Michael Sobo ("Sobo"), and Kelvin Claney ("Claney"), and thereafter a Second Amended Complaint was

filed against the same defendants, asserting the following counts: (i) trademark infringement; (ii) false designation of origin by virtue of use of misleading and imitation trade dress; (iii) unfair competition and false advertising; (iv) deceptive trade practices; (v) fraud on the United States Patent and Trademark Office; (vi) improper assignment of trademark application; (vii) copyright infringement; (viii) breach of contract; (ix) tortious interference with contract; (x) fraud; and (xi) unjust enrichment (against Claney only). By way of the Second Amended Complaint, compensatory and punitive damages are sought, as well as injunctive relief.

## INSURANCE

51.    Great American issued Commercial General Liability insurance to SAS, bearing Policy No. PL 5599395 (the "Great American policy"), for the period March 10, 2005 to March 10, 2006, with $1 million limits of liability per occurrence. A true and correct copy of the Great American policy is attached hereto as Exhibit "A".

52.    Pursuant to the terms, conditions and limitations of the Great American Policy, there is no coverage for the claims in the Underlying Action.

53.    As such, on February 15, 2007, Great American issued its declination of coverage letter to SAS, and in response, SAS' counsel issued a correspondence challenging the same and demanding that Great American defend and indemnify SAS. Thereafter, Great American issued correspondence reiterating its declination of coverage.

11

## AS AND FOR GREAT AMERICAN'S FIRST COUNTERCLAIM
## FOR DECLARATORY RELIEF AS AGAINST SAS

54.     Great American repeats, reiterates and realleges each and every allegation set forth in paragraphs "43" through "53" as though fully set forth at length herein.

55.     There is no coverage under the Great American policy for the claims in the Underlying Action, to the extent that the claims and alleged damages sought do not constitute "personal and advertising injury" as defined by the Great American policy.

56.     Based upon the foregoing, Great American seeks a declaration that Great American is not obligated to defend or indemnify plaintiffs, or reimburse plaintiffs for costs already incurred by the plaintiffs in this matter in connection with the underlying matter.

57.     Great American has no adequate remedy at law.

## AS AND FOR GREAT AMERICAN'S SECOND COUNTERCLAIM
## FOR DECLARATORY RELIEF AS AGAINST SAS

58.     Great American repeats, reiterates and realleges each and every allegation set forth in paragraphs "43" through "57" as though fully set forth at length herein.

59.     Even assuming that the claims in the underlying action are somehow interpreted to constitute "personal and advertising injury" (which is not conceded), there is no coverage under the Great American policy based upon the fact that the alleged circumstances, losses, offenses,

12

occurrences or damages took place outside of the Great American policy period.

60.      Based upon the foregoing, Great American seeks a declaration that Great American is not obligated to defend or indemnify plaintiffs, or reimburse plaintiffs for costs already incurred by the plaintiffs in this matter in connection with the Underlying Action.

61.      Great American has no adequate remedy at law.

## AS AND FOR GREAT AMERICAN'S THIRD COUNTERCLAIM FOR DECLARATORY RELIEF AS AGAINST SAS

62.      Great American repeats, reiterates and realleges each and every allegation set forth in paragraphs "43" through "61" as though fully set forth at length herein.

63.      Even assuming that the claims in the underlying action are somehow interpreted to constitute "personal and advertising injury" within the Great American policy period (which is not conceded), we note that coverage for the claims in the Underlying Action is barred by the applicable exclusions and limitations to the Great American Policy.

64.      In that regard, the underlying claims and lawsuit are barred and/or explicitly excluded from coverage by the Advertising Injury Amendment Endorsement to the Great American policy, which specifically excludes coverage for "advertising injury" arising out of any actual or alleged infringement of intellectual property rights or violation of laws relating to patents, trademarks, trade dress, trade names, trade secrets and know-how.

13

65.    Moreover, the Great American policy specifically excludes coverage for infringement of copyrights, patent, trademark or trade secrets.

66.    Finally, the Great American policy specifically excludes damages sought for the knowing violation of another's rights, for material published with knowledge of its falsity, material published prior to the policy period, contractual liability, breach of contract, and the unauthorized use of another's name or product.

67.    Based upon the foregoing, Great American seeks a declaration that Great American is not obligated to defend or indemnify plaintiffs, or reimburse plaintiffs for costs already incurred by the plaintiffs in this matter in connection with the underlying matter.

68.    Great American has no adequate remedy at law.

**AS AND FOR GREAT AMERICAN'S FOURTH COUNTERCLAIM
FOR DECLARATORY RELIEF AS AGAINST SAS**

69.    Great American repeats, reiterates and realleges each and every allegation set forth in paragraphs "43" through "68" as though fully set forth at length herein.

70.    Claims in the Underlying Action for punitive damages and injunctive relief are not insurable under the Great American policy.

71.    Based upon the foregoing, Great American seeks a declaration that Great American is

14

not obligated to defend or indemnify plaintiffs, or reimburse plaintiffs for costs already incurred by the plaintiffs in this matter in connection with the underlying matter.

72.    Great American has no adequate remedy at law.

WHEREFORE, Defendant/Counterclaim Plaintiff, Great American requests that a Judgment be entered as follows:

a.    An Order declaring that Great American has no obligation to provide a defense or indemnify plaintiffs, or reimburse plaintiffs for costs already incurred in connection with the underlying matter under the Great American Policy;

b.    such other, further or different relief as may be just and proper; and

c.    the costs and disbursements of this action.

Dated  Garden City, New York
       March 28, 2008

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By:    _____
       John D. McKenna (JM-5315)
       Alison A. Diamondstein (AD-6500)
       Attorneys for Defendant
       Great American E&S Insurance Company
       1001 Franklin Avenue
       Garden City, New York  11530
       Telephone:  (516) 294-8844
       Facsimile:  (516) 294-8202

15

TO:

    Kevin J. Harrington (KH-5027)
    John T. Rosenthal (JR-4819)
    Harrington, Ocko & Monk, LLP
    Attorneys for Plaintiffs
    SAS Group, Inc. and Michael Sobo
    81 Main Street, Suite 215
    White Plains, New York  10601

    Telephone:  (914) 686-4800
    Facsimile:  (914) 686-4824

R:\CPWin\History\080207_0001\10319.17

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NASSAU    )

        MARY ANN LEIGHTON, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Manhasset Hills, New York.

        That on the 28th day of March, 2008, deponent served the within ANSWER AND COUNTERCLAIMS upon:

> Kevin J. Harrington
> John T. Rosenthal
> Harrington, Ocko & Monk, LLP
> Attorneys for Plaintiffs
> SAS Group, Inc. and Michael Sobo
> 81 Main Street, Suite 215
> White Plains, New York  10601

the attorneys for the respective parties in this action, at the above address designated by said attorneys for that purpose by depositing same in an enclosed post-paid, officially addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*Mary Ann Leighton*

MARY ANN LEIGHTON

Sworn to before me this
28th day of March, 2008

*Joyce Weinstein*

Notary Public

JOYCE WEINSTEIN
Notary Public, State Of New York
No. 01WE4858553
Qualified In Nassau County
Commission Expires May 5, 20 10

R:\CPWin\History\060208_0001\E040.22