UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
SAS GROUP, INC. and MICHAEL SOBO,          x    Civil Action No. 08-Civ-1020 (SCR)
                                           x
                    Plaintiffs,            x    ECF Case
                                           x
       -against-                           x    **REPLY TO COUNTERCLAIMS**
                                           x
GREAT AMERICAN E&S INSURANCE               x
COMPANY,                                   x
                                           x
                    Defendant.             x
------------------------------------------------------------x

Plaintiffs, SAS GROUP, INC. ("SAS") and MICHAEL SOBO ("Sobo", together with SAS "Plaintiffs"), by and through their attorneys, Harrington, Ocko & Monk, LLP, as and for their Reply to Counterclaims of Defendant, GREAT AMERICAN E&S INSURANCE COMPANY ("Great American" or "Defendant"), allege and state as follows:

## COUNTERCLAIMS

1.      To the extent paragraph "43" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "43" of Defendant's Answer and Counterclaims, and respectfully refer the Court to that document for its contents and meaning.

## PARTIES

2.      Plaintiffs are without sufficient knowledge to admit or deny the allegations contained in paragraph "44" of Defendant's Answer and Counterclaims, and therefore deny same on that basis.

1

3.  Plaintiffs admit the allegations contained in paragraph "45" of Defendant's Answer and Counterclaims.

4.  To the extent paragraph "46" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "46" of Defendant's Answer and Counterclaims, except to admit that SAS is a Defendant in a Federal action in the Southern District of New York with Case No. 06-Civ-13089, and respectfully refer the Court to the pleadings in that action for their content and meaning.

### JURISDICTION

5.  To the extent paragraph "47" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "47" of Defendant's Answer and Counterclaims.

6.  Plaintiffs admit the allegations contained in paragraph "48" of Defendant's Answer and Counterclaims.

### UNDERLYING ACTION

7.  To the extent paragraph "49" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "49" of Defendant's Answer and Counterclaims, except to admit that on November 9, 2006, Perrin & Nissen Ltd. (PNL") filed an action against SAS and Sobo, as well as certain other defendants, regarding purported infringement and usurpation of intellectual property rights, including supposed ownership of certain slogans and copyright, and respectfully refer the Court to the November 9, 2006 Complaint for its contents and meaning.

8. To the extent paragraph "50" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "50" of Defendant's Answer and Counterclaims, except to admit that on March 20, 2007, PNL filed and served a First Amended Complaint alleging claims for slogan and copyright infringement against SAS and Sobo (as well as other various claims), and respectfully refer the Court to that pleading for its contents and meaning.

### INSURANCE

9. Plaintiffs admit the allegations contained in paragraph "51" of Defendant's Answer and Counterclaims.

10. Plaintiffs deny the allegations contained in paragraph "52" of Defendant's Answer and Counterclaims.

11. Plaintiffs admit the allegations contained in paragraph "53" of Defendant's Answer and Counterclaims.

### AS AND FOR DEFENDANT'S FIRST COUNTERCLAIM FOR DECLARATORY RELIEF AS AGAINST SAS

12. Plaintiffs reassert and incorporate herein by reference their responses to paragraphs "43" through "53" of Defendant's Answer and Counterclaims as if fully set forth herein.

13. To the extent paragraph "54" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "54" of Defendant's Answer and Counterclaims.

14. Plaintiffs deny the allegations contained in paragraph "55" of Defendant's Answer and Counterclaims.

15. Plaintiffs deny the allegations contained in paragraph "56" of Defendant's Answer and Counterclaims.

16. To the extent paragraph "57" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "57" of Defendant's Answer and Counterclaims.

### AS AND FOR DEFENDANT'S SECOND COUNTERCLAIM FOR DECLARATORY RELIEF AS AGAINST SAS

17. Plaintiffs reassert and incorporate herein by reference their responses to paragraphs "43" through "57" of Defendant's Answer and Counterclaims as if fully set forth herein.

18. To the extent paragraph "58" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "58" of Defendant's Answer and Counterclaims.

19. To the extent paragraph "59" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "59" of Defendant's Answer and Counterclaims.

20. To the extent paragraph "60" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "60" of Defendant's Answer and Counterclaims.

21. To the extent paragraph "61" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "61" of Defendant's Answer and Counterclaims.

## AS AND FOR DEFENDANT'S THIRD COUNTERCLAIM
## FOR DECLARATORY RELIEF AS AGAINST SAS

22. Plaintiffs reassert and incorporate herein by reference their responses to paragraphs "43" through "61" of Defendant's Answer and Counterclaims as if fully set forth herein.

23. To the extent paragraph "62" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "62" of Defendant's Answer and Counterclaims.

24. To the extent paragraph "63" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "63" of Defendant's Answer and Counterclaims.

25. To the extent paragraph "64" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "64" of Defendant's Answer and Counterclaims.

26. To the extent paragraph "65" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "65" of Defendant's Answer and Counterclaims.

27. To the extent paragraph "66" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "66" of Defendant's Answer and Counterclaims.

28. To the extent paragraph "67" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "67" of Defendant's Answer and Counterclaims.

29. To the extent paragraph "68" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "68" of Defendant's Answer and Counterclaims.

### AS AND FOR DEFENDANT'S FOURTH COUNTERCLAIM FOR DECLARATORY RELIEF AS AGAINST SAS

30. Plaintiffs reassert and incorporate herein by reference their responses to paragraphs "43" through "68" of Defendant's Answer and Counterclaims as if fully set forth herein.

31. To the extent paragraph "69" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "69" of Defendant's Answer and Counterclaims.

32. To the extent paragraph "70" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "70" of Defendant's Answer and Counterclaims.

33. To the extent paragraph "71" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "71" of Defendant's Answer and Counterclaims.

34. To the extent paragraph "72" of Defendant's Answer and Counterclaims states legal conclusions, Plaintiffs make no response as none is required. Otherwise, Plaintiffs deny the allegations contained in paragraph "72" of Defendant's Answer and Counterclaims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

35. Defendant's Counterclaims fail to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

36. The allegations in the PNL Complaint and Amended Complaint against Plaintiffs fall within the scope of coverage provided for by the Great American policy issued to SAS, and such policy requires Defendant to defend and/or indemnify SAS (and its officers, like Sobo) in the PNL Federal action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

37. Plaintiffs have met all of the conditions of the Great American policy required to institute the legal action against Great American requiring Great American to defend and/or indemnify SAS and Sobo regarding the PNL Federal action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

38. The Great American policy specifically requires Defendant to defend and/or indemnify Plaintiffs arising out of claims against Plaintiffs that their advertisement infringes upon another's copyright, trade dress or slogan, or uses another's advertising idea in an advertisement, any exclusion under the policy "does not apply to infringement in your 'advertisement', of copyright, trade dress or slogan", and any policy exclusions do not apply to claims for copyright or slogan infringement, as alleged against Plaintiffs in the PNL Federal action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

39. Plaintiffs have taken any and all appropriate steps to mitigate damages, if any such steps or action were required in this instance.

WHEREFORE, Plaintiffs request that judgment be entered in their favor as to Defendant's Counterclaims and request for declaratory relief, and that such Counterclaims be

dismissed in their entirety, with such other and further relief as the Court may deem just and proper, with costs and disbursements of this action in favor of Plaintiffs.

Dated: White Plains, New York
       April 4, 2008

                                        Yours, etc.,

                                        Kevin J. Harrington (KH-5027)
                                        John T. A. Rosenthal (JR-4819)
                                        HARRINGTON, OCKO & MONK, LLP
                                        *Attorneys for Plaintiffs*
                                        SAS GROUP, INC. and MICHAEL SOBO
                                        81 Main Street, Suite 215
                                        White Plains, New York 10601
                                        Telephone:  (914) 686-4800
                                        Facsimile:  (914) 686-4824

TO:    John D. McKenna (JM-5315)
          Alison A. Diamondstein (AD-6500)
          L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP
          *Attorneys for Defendant*
          1001 Franklin Avenue, Suite 300
          Garden City, NY 11530
          (516) 294-8844