UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
SAS GROUP, INC. and MICHAEL SOBO,           x   Civil Action No. 08-Civ-1020 (SCR)
                                            x
                            Plaintiffs,     x   ECF Case
                                            x
        -against-                           x   **INITIAL JOINT**
                                            x   **STATUS REPORT**
GREAT AMERICAN E&S INSURANCE                x
COMPANY,                                    x
                                            x
                            Defendant.      x
------------------------------------------------------------------x

Pursuant to Federal Rule of Civil Procedure 26(f) and Hon. Judge Stephen Robinson's Order of February 6, 2008, the parties to the above-captioned proceeding, represented by Kevin J. Harrington and John T.A. Rosenthal (Harrington, Ocko & Monk, LLP) for Plaintiffs, SAS GROUP, INC. ("SAS") and MICHAEL SOBO ("Sobo"), and John D. McKenna and Alison A. Diamondstein of L'Abbate, Balkan, Colavita & Contini, LLP for Defendant, GREAT AMERICAN E&S INSURANCE COMPANY ("Great American"), submit this Joint Initial Status Report:

1.  Plaintiffs' Complaint alleges causes of action for declaratory judgment and breach of contract. Plaintiffs allege that Defendant issued Plaintiffs an insurance policy number PL5599395 covering the period March 10, 2005 through March 10, 2006, and that such policy provided coverage for SAS and its officer, Michael Sobo. On November 9, 2006, non-party Perrin & Nissen, Ltd. ("PNL") filed an action against SAS and Sobo alleging, *inter alia*, causes of action for trademark infringement, dilution, false designation of origin, unfair competition, deceptive trade practices and copyright infringement, among other things, as a result of Plaintiffs'

1

alleged copying and use of slogans, trademarks and other marketing methods concerning the children's toy balloon product "Amazing Elastic Plastic". Plaintiffs requested defense and indemnification by Great American pursuant to the policy's personal and advertising injury clause.

Defendant declined coverage maintaining that the allegations in the underlying PNL Complaints did not fall within the scope of coverage provided for by the policy.

Plaintiffs filed a Complaint for declaratory judgment and breach of contract on February 4, 2008.

Defendant filed an Answer and Counterclaims asserting fourteen (14) affirmative defenses, and Counterclaims for declaratory relief. Defendant's Counterclaims allege that Great American is not obligated to defend or indemnify Plaintiffs as the claims alleged in the underlying PNL action do not fall within the personal and advertising injury coverage pursuant to the terms of the policy; that any alleged damages took place outside of the policy period; that the Advertising Injury Amendment Endorsement to the policy excludes coverage for "advertising injury" arising out of any actual or alleged infringement of intellectual property rights or violation of laws relating to patents, trademarks, trade dress, trade names, trade secrets and know-how; that the policy specifically excludes coverage for infringement of copyrights, patent, trademark or trade secrets; that the policy specifically excludes damages sought for the knowing violation of another's rights; and that claims in the underlying action for punitive damages and injunctive relief are not insurable under the policy.

    2.    **Jurisdiction**: Plaintiffs assert jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332 as there is diversity of citizenship of the parties; SAS is a New York corporation

with its principal place of business in Westchester County, New York, Sobo is a resident of New York, and Great American is a Delaware corporation, and the amount in controversy exceeds $75,000.

Jurisdiction is appropriate with regard to declaratory judgment under 28 U.S.C. §§2201 and 2202 as there exists a real, actual and justiciable controversy between the parties.

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and the intellectual property at issue in the underlying PNL actions is located at SAS' principal place of business in Westchester County, New York.

3. **Contemplated motions.**

The parties are not contemplating any motions at this time.

4. **Settlement Discussions.**

There have been no settlement discussions between the parties as of the date of service of Plaintiff's Complaint upon Defendant.

RESPECTFULLY SUBMITTED this 8th day of May, 2008.

HARRINGTON, OCKO & MONK, LLP

By: _____
Kevin J. Harrington (KH-5027)
John T. A. Rosenthal (JR-4819)
*Counsel for Plaintiffs*
SAS GROUP, INC. and MICHAEL SOBO
81 Main Street, Suite 215
White Plains, New York 10601
Telephone: (914) 686-4800
Facsimile: (914) 686-4824

L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP

By: _Alison Diamondstein_
John D. McKenna (JM-5315)
Alison A. Diamondstein (AD-6500)
*Counsel for Defendant*
GREAT AMERICAN E&S INSURANCE COMPANY
1001 Franklin Avenue, Suite 300
Garden City, NY 11530
Telephone: (516) 294-8844
Facsimile: (516) 294-8202